**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| EMC MORTGAGE LLC f/k/a EMC ) <br> MORTGAGE CORPORATION ) <br> ) <br>       Plaintiff, ) <br>   v. ) <br> ) <br> FIRST GUARANTY MORTGAGE ) <br> CORPORATION ) <br> ) <br>       Defendant. ) | Case No. 1:16-cv-00715-LO-MSN |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY REPONSES AND FOR RELATED RELIEF**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Defendant First Guaranty Mortgage Corporation ("FGMC") hereby submits this Memorandum of Points and Authorities in Support of its Motion to Compel Discovery Responses and for Related Relief.

**I.   Introduction**

Plaintiff EMC Mortgage f/k/a EMC Mortgage Corporation ("EMC") has failed to produce certain documents relevant to FGMC's defenses in this matter, in violation of its obligations under Federal Rule of Civil Procedure 34. Additionally, given that discovery is set to close on May 12, 2017, and depositions are scheduled to occur in the interim, EMC's document production failure will prejudice FGMC's ability to take meaningful and complete depositions.

Accordingly, FGMC requests that the Court enter an order: (1) compelling production of the subject documents by May 8, 2017; (2) holding that FGMC is permitted to take the depositions of seven specific witnesses who have subject-matter knowledge of the documents EMC failed to produce on or before May 25, 2017 (rather than by the discovery deadline of May 12); and (3) that FGMC may supplement its trial exhibits and other pretrial disclosures on or before June 1, 2017

1

with any information or documents obtained after the close of the discovery deadline on May 12, 2017.

## II. Factual and Procedural Background Relevant to this Motion

The following facts are relevant to the adjudication of this motion:

1. This case concerns plaintiff EMC's claim that FGMC has:

   > refus[ed] to honor its contractual obligations to indemnify EMC for more than $5 million of defective mortgage loans that [FGMC] sold to EMC and that EMC was subsequently required to repurchase from third parties or to compensate those parties for their losses on the loans.

   EMC Compl., ¶ 1 [Dkt. 1].

2. The documents which FGMC seeks to compel here are relevant to FGMC's defense that EMC, based on EMC's due diligence and quality control process and evaluation of the loans prior to and after purchase, was aware or should have been aware that the loans were "defective" when they were purchased from EMC. *See* FGMC Answer, affirmative defenses numbered 12, 19 and 29 [Dkt. 24].

3. FGMC served its First Requests for Production of Documents on EMC on March 17, 2017. Thus, EMC's responses were due on April 16, 2017 pursuant to Fed. R. Civ. P. 34(b)(2)(A).

4. To date, with the exception of a highly limited production made on April 27, 2017, EMC has failed to produce documents in response to, *inter alia*, FGMC Request for Production number 18 and 22, which are the subject of this motion to compel (the "Quality Control Documents").

5. FGMC Request for Production number 18 requests production of the following documents:

   > All reports or other documents generated as the result of Quality Control reviews You conducted or commissioned to evaluate the Loans at issue in this matter. This Request explicitly includes, but is not limited to, the results of any Quality Control on each Loan that took place as a part of the following reviews:

(a) Re-underwriting by The Barrent Group,
(b) August 2006 Internal Review by Price Waterhouse Coopers,
(c) January 2007 Internal Audit Report of Repurchase Claims,
(d) Spring 2008 Outside Audit Review, Forensic Reviews of 535 files from BMSF 2007-AR3,
(e) Clayton reviews between 2006-2007,
(f) Adfitech due diligence reports,
(g) Bear Stearns Internal Audit Reports
(h) All additional quality control conducted on each Loan.

*See* **Exhibit A** (excerpt from FGMC First Request for Production).

6. FGMC Request for Production number 22 requested production of the following documents:

> All documents related to the Loans at issue in this matter that the parties that conducted the Quality Control reviews on each Loan at issue in this matter provided to You.

*See* Exhibit A (excerpt from FGMC First Request for Production).

7. Production of these Quality Control Documents requested by FGMC document requests 18 and 22 are essential to FGMC's defense that EMC knew or should have known that the loans were "defective" when they were purchased from EMC ("FGMC's Waiver Defense").

8. EMC served objections to FGMC requests for production number 18 and 22 (which seek the Quality Control Documents) on April 6, 2017. While EMC originally objected to production of the Quality Control Documents, following a meet and confer letter sent April 11 (see **Exhibit B**) and a meet and confer conference on April 13, 2017, EMC agreed to produce the Quality Control Documents.

9. At the meet and confer conference held on April 13, EMC requested until April 24, 2017 to produce the Quality Control Documents. FGMC agreed that EMC could timely produce the documents by April 21, 2017. However, no production of Quality Control Documents

was made by April 21, 2017. Instead, EMC served written responses to FGMC's document requests on April 21, 2017 which stated that "EMC will aim to complete its supplemental productions, if any, by May 12, 2017."

10. FGMC timely requested seven depositions in this action in which the deponents are expected to have knowledge of the Quality Control Documents and are expected to be questioned primarily concerning the facts relating to FGMC's Waiver Defense. The deponents are Mary Haggerty, Biff Rogers, Steve Golden, Whitney Long, Sharon Leahy, Yuan Yeh, and certain topics pertinent to the Fed. R. Civ. P. Rule 30(b)(6) designee of EMC (the "Quality Control Deponents").

11. After FGMC sent a second meet and confer letter on April 24, 2017 (*see* **Exhibit C**), another meet and confer conference concerning Quality Control Documents and the timing of depositions for the Quality Control Deponents was held on April 26, 2017. At this conference, EMC counsel stated they were amenable to depositions of some Quality Control Deponents occurring after the discovery deadline of May 12, 2017 to allow FGMC counsel adequate time to review the Quality Control Documents prior to deposition.

12. The current deadline to complete discovery is May 12, 2017. Scheduling Order [Dkt. 28].

13. Undersigned FGMC counsel certifies that it has in good faith conferred or attempted to confer with EMC counsel in an effort to obtain the Quality Control Documents and an extension of time to take depositions of the Quality Control Deponents without Court action. Specifically, FGMC counsel sent letters to EMC counsel on April 11, 2017 and April 24, 2017 discussing its disagreement with EMC's refusal to produce the Quality Control Documents and held meet and confer conferences with EMC counsel on April 13

and April 26, 2017 concerning the Quality Control Documents. See **Exhibit B** and **Exhibit C** (letters of April 11, 2017 and April 24, 2017).

14. EMC counsel has now agreed that the Quality Control Documents are discoverable, but has not yet produced many of the Quality Control Documents. No valid reason has been offered for this delay other than counsel's assertion that the underlying data is "cumbersome." While the timeline for production of the Quality Control Documents promised by EMC has fluctuated over the past several weeks, EMC currently forecasts that it may be able to produce the remainder of Quality Control Documents by today, April 28, 2017. However, EMC has failed to meet forecasted production deadlines previously in this case, and the documents have not been received as of the time of filing this motion.[1] Even assuming EMC's forecasted production date is met, production on this promised date will prejudice FGMC in that it does not allow sufficient time for FGMC to review the documents and make use of them at deposition prior to the discovery cut off of May 12, 2017. FGMC would have had adequate time if EMC had met its required deadline for production.

## III. Legal Standard

Rule 26 governs the scope of discovery, stating: "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible at the trial," and is discoverable "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

---

[1] For instance, EMC failed to provide its Initial Disclosure document production as required on March 3, 2017 despite the fact that FGMC fully complied with the Court's deadline for that production. EMC instead waited an additional 10 days to provide its initial document production on March 13, 2017. Oddly enough, EMC has now taken the position that FGMC's prejudice claimed in the instant motion was occasioned by FGMC's "late" service of discovery requests on March 17, 2017. Yet, it would be difficult for this Court to ignore the fact that FGMC's initial discovery requests were served upon EMC just 4 days after waiting for and, finally receiving, EMC's initial disclosure documents.

Relevance is construed broadly to include "[a]ny matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 353, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). A request for discovery "should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *In re Folding Carton Antitrust Litig.,* 83 F.R.D. 251, 254 (N.D. Ill. 1978). The burden is on the party resisting production to show "specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not relevant." *Roesberg v. Johm-Manville Corp.,* 85 F.R.D. 292, 296 (E.D. Pa. 1980).

Rule 37(a)(1) provides as follows: "[o]n notice to other parties ... a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with ... the party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. Rule 37. "A motion to compel under Rule 37 is appropriate when a party ... 'fails to respond that inspection will be permitted-or fails to permit inspection-as requested under Rule 34.'" *Calkins v. Pacel Corp.,* 2008 WL 149141, at *2 (W.D. Va. Jan. 11, 2008) (citing Fed R. Civ. P. 37(a)(3)(A), (B)(iii)-(iv)). "Furthermore, according to Rule 37(a)(4), 'an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.'" *Id*.

### IV.  Argument

EMC agrees that the requested Quality Control Documents are relevant and discoverable, but to date has failed to produce them in their entirety. Under these circumstances, there can be no dispute that this motion should be granted. *Calkins v. Pacel Corp.,* 2008 WL 149141, at *2 ("A motion to compel under Rule 37 is appropriate when a party ... 'fails to respond that

inspection will be permitted-or fails to permit inspection-as requested under Rule 34.'") (citing Fed R. Civ. P. 37(a)(3)(A), (B)(iii)-(iv)).

Additionally, given that EMC's failure to timely produce the Quality Control Documents will prejudice FGMC's ability to take complete depositions of the Quality Control Deponents, good cause exists to allow FGMC to take the depositions of the Quality Control Deponents after the deadline for close of discovery on May 12, 2017. Good cause also exists to permit FGMC additional time to supplement its trial exhibits and pre-trial disclosures with new information obtained from the Quality Control Documents and Quality Control Deponents because, otherwise, EMC's failure to timely produced the Quality Control Documents would prejudice EMC's ability to make timely and complete pre-trial disclosures. Modifying the scheduling order to permit FGMC additional time to take relevant discovery is within the Court's discretion where, as here, good cause is shown. *May v. Stahl*, 91 F.3d 131 (4th Cir. 1996) ("A district court is afforded 'substantial discretion in managing discovery....'"); *Cook v. Howard*, 484 F. App'x 805, 814 (4th Cir. 2012) (holding that "a party must first demonstrate 'good cause' to modify the scheduling order deadlines").

As a final aside, this Court should not entertain EMC's anticipated defense to this motion that FGMC's document production is itself deficient. FGMC timely served its responsive document production on the 30th day following service of the relevant request as required by Rule 34. Following FGMC's document production, which took place on March 27, 2017, EMC made no initial claim that FGMC's production was at all deficient. Only on April 27, 2017, in light of the breakdown of meet and confer negotiations concerning this motion, did EMC first raise any qualm about the content of FGMC's discovery responses.

7

Such complaints are not only surprising at this time—they are also entirely irrelevant to deciding the merits of an unrelated discovery dispute. To date, EMC has not brought a discovery dispute to this Court, and is therefore barred from requesting that any such issues be litigated as part of this dispute. *See*, *e.g., Schleiger v. Gratiot Cty. Jail*, No. 11-13378, 2012 WL 7062606, at *3 (E.D. Mich. Nov. 28, 2012), *report and recommendation adopted,* No. 11-13378, 2013 WL 511966 (E.D. Mich. Feb. 12, 2013) ("[w]hile his response included allegations of discovery deficiencies on the part of defendant, those alleged deficiencies have not properly been brought to the attention of the Court and, therefore, cannot be considered as part of this analysis").[2] Indeed, "[d]iscovery is not equity: one party's noncompliance with discovery requirements does not excuse the other's failure to comply. Each party's obligation is independent." *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 148-49 (S.D.N.Y. 2014) (quoting *Gropper v. David Ellis Real Estate, L.P.*, 2014 WL 518234, at *3 (S.D.N.Y. Feb. 10, 2014)).

Therefore, any attempt to distract the Court's attention from the patent unfairness of EMC's conduct in wrongfully withholding the Quality Control Documents should be entirely disregarded. This Motion should be granted.

**V.    Conclusion**

For the reasons stated herein, FGMC requests that the Court enter an order: (1) compelling production of the Quality Control Documents by May 8, 2017; (2) holding that FGMC is permitted to take the depositions of the Quality Control Deponents on or before May 25, 2017 (rather than by the discovery deadline of May 12); and (3) holding that FGMC may supplement its trial exhibits and other pretrial disclosures on or before June 1, 2017 with any information or documents obtained after the close of the discovery deadline on May 12, 2017.

---

[2] In another context, the Federal Rules also explicitly state that one party is not excused from making its discovery disclosures because it challenges the sufficiency of another party's disclosures. *See* Fed. R. Civ. P. 26(a)(1).

Dated: April 28, 2017                    Respectfully Submitted,

FIRST GUARANTY MORTGAGE CORPORATION

By Counsel,

BRADLEY ARANT BOULT CUMMINGS LLP

/s/ Andrew J. Narod          ____
Douglas L. Patin, Esq. (VSB No. 20324)
Andrew J. Narod, Esq. (VSB No. 79691)
A. Michelle Canter, Esq. (*Pro Hac Vice*)
Bradley Arant Boult Cummings LLP
1615 L Street, N.W., Suite 1350
Washington, D.C. 20036
Telephone: (202) 719-8271
Facsimile: (202) 719-8371
E-mail: dpatin@bradley.com
E-mail: anarod@bradley.com
E-mail: mcanter@bradley.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2017 a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will cause a notification of such filing (NEF) to be sent to all counsel of record in this matter.

/s/ Andrew J. Narod          ____
Douglas L. Patin, Esq. (VSB No. 20324)
Andrew J. Narod, Esq. (VSB No. 79691)
A. Michelle Canter, Esq. (*Pro Hac Vice*)
Bradley Arant Boult Cummings LLP
1615 L Street, N.W., Suite 1350
Washington, D.C. 20036
Telephone: (202) 719-8271
Facsimile: (202) 719-8371
E-mail: dpatin@bradley.com
E-mail: anarod@bradley.com
E-mail: mcanter@bradley.com
*Counsel for Defendant*

5/60631.1