IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| EMC MORTGAGE LLC f/k/a EMC MORTGAGE CORPORATION, )<br><br>Plaintiff, )<br>v. )<br><br>FIRST GUARANTY MORTGAGE CORPORATION, )<br><br>Defendant. ) | Civil No. 1:16-cv-715-LO-MSN |

**MEMORANDUM OPINION & ORDER**

This matter is before the Court on Plaintiff's Motion to Compel the Production of Documents (Dkt. No. 69). Plaintiff asks that the Court compel Defendant to produce all repurchase analyses and communications discussing those analyses, and to allow Plaintiff to supplement its trial exhibits and other pretrial disclosures to include these additional materials, if necessary. For the reasons that follow, the Motion is granted.

**I.   Background**

On June 22, 2016, Plaintiff filed a Complaint against Defendant alleging seven causes of action for indemnification of the losses incurred under seven Mortgage Loan Purchase Agreements ("MLPAs"), plus interest, costs, and fees. Compl. 13-22 (Dkt. No. 1). Plaintiff EMC Mortgage LLC, organized under the laws of Delaware, and with its principal place of business in Texas, "was in the business of purchasing residential mortgage loans and sponsoring securitizations of such loans." *Id.* ¶ 9. Defendant First Guaranty Mortgage Corporation, a Virginia corporation with its principal place of business in Virginia, "was in the business of originating and selling residential mortgage loans." *Id.* ¶ 10.

From 2002 to 2006, Plaintiff purchased from Defendant seven MLPAs, in which Defendant guaranteed that the loans complied with applicable guidelines and trade stipulations, information relating to the loans was accurate, and there was no fraud, error, omission, misrepresentation, negligence, or the like on behalf of any party involved. *Id.* ¶¶ 2, 3. Defendant also promised in the MLPAs to indemnify Plaintiff "for all claims, losses, forfeitures, fees and expenses in any way relating to breaches of [Defendant]'s representations and warranties." *Id.* ¶ 3. In accordance with its purpose for purchasing the MLPAs, Plaintiff resold the MLPAs to residential mortgage-backed securities ("RMBS") transactions or whole loan sales to Fannie Mae and Freddie Mac (collectively, "GSEs"). *Id.* ¶ 4. The agreements governing Plaintiff's resale of Defendant's loans provided that if there was an incurable breach of warranties, Plaintiff would be obligated to repurchase the defective loan or compensate the RMBS trusts or GSEs for their losses on that loan. *Id.* ¶ 5.

Plaintiff alleges that as a result of Defendant's false representations and warranties, Plaintiff was required to purchase "a significant number of [Defendant]'s loans from RMBS trusts and the GSEs or to compensate them for their losses on the loans at a cost of more than $5,588,563.00." *Id.* ¶ 6. Plaintiff further alleges that Defendant has refused to indemnify Plaintiff for these losses, despite its obligation to do so. *Id.* ¶ 8.

On May 5, 2017, Plaintiff filed the instant Motion to Compel because Defendant "has failed to produce the analyses that it prepared prior to litigation in response to [Plaintiff]'s repurchase requests for the at-issue loans." Pl.'s Mot. 1 (Dkt. No. 69). Plaintiff alleges that Defendant "has improperly withheld those analyses from disclosure on the basis of attorney-client privilege and work product protection without establishing the bases for those protections from disclosure in its privilege log." *Id.*

On May 12, 2017, the undersigned heard oral argument on Plaintiff's Motion to Compel,

which was taken under advisement with regard to disputes concerning attorney-client privilege and work product doctrine.[1]  Plaintiff was ordered to identify twenty sample documents from Defendant's privilege log, which Defendant was ordered to submit by the end of the day for *in camera* review.  *See* Dkt. No. 78.

## II.     Discussion

"To qualify for protection under the work product doctrine, a lawyer must create the document in anticipation of litigation."  *In re Allen*, 106 F.3d 582, 607 (4th Cir. 1997). Likewise, the attorney-client privilege "exists to protect not only the giving of *professional advice* to those who can act on it but also the giving of information to the lawyer to enable him to give *sound and informed advice*."  *Id.* (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981)) (emphasis added).  A factor common to the attorney-client privilege and work product doctrine is that the protected communications must relate to the rendition of legal services.

Upon *in camera* review of the twenty sample documents, the Court finds that Defendant has not properly withheld the documents on the basis of attorney-client privilege or work product doctrine.  Pursuant to the terms of the MLPAs, Defendant was contractually obligated to conduct repurchase reviews, and therefore documents concerning Defendant's repurchase review were not prepared in anticipation of litigation.  *See, e.g.*, *Deutsche Bank Nat. Trust Co. v. WMC Mortg., LLC*, No. 3:12-CV-1699 CSH, 2015 WL 1650835, at *18 (D. Conn. Apr. 14, 2015), *modified on clarification sub nom. Deutsche Bank Nat'l Trust Co. v. WMC Mortg., LLC*, No. 12-CV-1699 CSH, 2015 WL 11237310 (D. Conn. July 6, 2015); *Assured Guar. Mun. Corp. v. UBS Real Estate Sec. Inc.*, No. 12 CIV. 1579 HB JCF, 2013 WL 1195545, at *8 (S.D.N.Y. Mar. 25, 2013); *MBIA Ins. Corp. v. Countrywide Home Loans, Inc.*, 93 A.D.3d 574, 575 (2012).

---

[1] Plaintiff's Motion was granted for the reasons stated from the bench with regard to documents relating to the testimony of Marjorie Stafford Rice, which Defendant was ordered to produce.  *See* Dkt. No. 78.

Defendant cannot claim that the documents are privileged merely because they were prepared by counsel. *See Assured Guar. Mun. Corp.*, 2013 WL 1195545, at *8 ("The mere fact that outside counsel and consultants were retained to assist the repurchase review is insufficient to shield all of the repurchase documents from discovery.").

### III. Conclusion

It is hereby ORDERED that:

(1) Defendant shall produce all documents on the privilege log relating to repurchase reviews by 5:00 p.m. on Friday, May 19, 2017. Defendant may redact only those limited portions of documents which reflect the legal analysis of counsel, if any such portions exist.

(2) The final pretrial conference scheduled for Thursday, May 18, 2017, at 10:00 a.m. shall be continued to Thursday, June 15, 2017, at 10:00 a.m. before District Judge Liam O'Grady.

(3) Discovery is extended until Friday, June 9, 2017, solely for the purpose of providing Plaintiff with the opportunity to review the documents ordered to be disclosed in this Order. Plaintiff may file a motion for additional depositions no later than Wednesday, May 24, 2017, if necessary, with any opposition due by Tuesday, May 30, 2017.

(4) Plaintiff shall be permitted to supplement its exhibit and witness list by Monday, June 12, 2017. Objections shall be due by Monday, June 19, 2017.

ENTERED this 16th day of May, 2017.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

Alexandria, Virginia